# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANK RAFARACI,<br>         Defendant. | Case No.<br><br>**FILED UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL
## CASE AND MEMORANDUM IN SUPPORT THEREOF

The United States of America, by and through its undersigned counsel, respectfully moves the Court for an Order directing that the criminal complaint, affidavit, arrest warrant, and any other related materials, including this motion, filed in the above-captioned case (the "complaint materials") be placed under seal until further order of the Court. In support of its motion, the Government states the following:

## LEGAL BACKGROUND FOR SEALING

1. The Court has the inherent power to seal court filings when appropriate, including the complaint materials. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). *Cf.*, *e.g.*, *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits). Such sealing is within the discretion of the District Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

2. Courts have traditionally been highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal. *Times Mirror Co.*

*v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal such materials where there is a need for secrecy. *Id.*

## REQUEST FOR SEALING

3. Such an order is appropriate because the complaint materials relate to an ongoing criminal investigation that is neither public nor known to the subjects of the investigation. Accordingly, if the complaint materials are not placed under seal, there is a real risk that the subjects of the investigation named in the affidavit may learn that they are under investigation, and take steps to destroy or conceal incriminating evidence, alter operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. Thus, the confidentiality of the investigation could be compromised by the premature release of the information contained in the complaint materials.

4. The complaint materials reference a related case, 21-cr-379 (Friedrich, J.), which is under seal for the same reasons.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By: */s/ Justin Weitz*
_____
Justin Weitz
Assistant Chief, Fraud Section
Michael P. McCarthy, D.C. Bar #1020231
Trial Attorney, Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Bond Building, Third Floor
Washington, D.C. 20530

Justin.Weitz@usdoj.gov
                                                (202) 598-8084
                                                Michael.McCarthy2@usdoj.gov
                                                (202) 305-3995

Dated: September 21, 2021